Filed 10/14/22 P. v. Vaughn CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095236 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE004252) |
| v. | |
| DAVID MATTHEW VAUGHN, | |
| Defendant and Appellant. | |

In March 2021, the People charged defendant David Matthew Vaughn with manufacturing or transporting an assault weapon (Pen. Code, § 30600, subd. (a)), possessing an assault weapon (Pen. Code, § 30605, subd. (a)), and driving while his privileges were revoked or suspended (Veh. Code, § 14601.1, subd. (b)(1)). Defendant pled no contest to possessing an assault weapon. In exchange for his plea, the People agreed to dismiss the remaining charges.

The court sentenced defendant as follows: "Pursuant to the party's [*sic*] negotiated disposition, it's the Court's judgment and sentence that for a felony violation

1

of Penal Code section 30605(a), that defendant . . . that you are going to be placed . . . on formal probation for a period of two years. Imposition of sentence is suspended.

"As a condition of probation, I'm ordering that you serve 60 days in the county jail."

Contrary to the court's oral pronouncement of judgment, however, the clerk of the court recorded in the minute order that the trial court suspended the *execution* of defendant's sentence, rather than its *imposition*. This was error, albeit a clerical one. There is, however, a significant difference between suspending execution of judgment and suspending its imposition. (See *People v. Howard* (1997) 16 Cal.4th 1081, 1087-1088; Pen. Code, § 1203.2, subd. (c).) Thus, on appeal defendant asks this court to correct this clerical error; the People concede the issue.

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) We agree the clerk inaccurately recorded the judgment pronounced by the court. We will, therefore, remand the matter and direct the trial court to correct its minute order to accurately reflect the oral pronouncement of the court. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 186-187 [appellate courts have authority to correct clerical errors].)

**DISPOSITION**

The judgment in this matter is affirmed. The matter is remanded for the sole purpose of allowing the trial court to correct its September 24, 2021 minute order to

2

accurately reflect its judgment: The court suspended the imposition of defendant's sentence, not its execution.

/S/

RENNER, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

EARL, J.

3